IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-CR-11-MOC-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KATIE JEANNE JOHNSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on an oral motion made by defense counsel on February 6, 2023 pursuant to 18 U.S.C. §4241(a) and (b), which requests a hearing to determine the mental competency of Defendant and a pre-hearing evaluation.

I. Relevant Background

On or about December 18, 2018, Defendant was indicted in the Northern District of Texas on one (1) count of bank robbery in violation of 18 U.S.C. §2113(a). Doc. 1-1.

Defendant pled guilty and was later sentenced to thirty-six (36) months of imprisonment followed by three (3) years of supervised release. Doc. 1-2.

On or about March 3, 2022, jurisdiction over Defendant's case was transferred to the Western District of North Carolina. Doc. 1.

1

On January 3, 2023, a petition ("Petition") was filed alleging that Defendant had violated the terms and conditions of her supervised release. Doc. 2.

The undersigned is advised that Defendant was arrested on January 28, 2023 and made an initial appearance in South Carolina on January 31, 2023.

Defendant made an initial appearance before the undersigned on February 1, 2023, at which time she requested to represent herself. In view of information in the Petition and as discussed during the hearing, the Court denied Plaintiff's request without prejudice and appointed counsel for the limited purpose of conferring with Defendant regarding representation and competency matters. Assistant Federal Public Defender Mary Ellen Coleman, who appeared with Defendant at her initial appearance, was subsequently added to the case for this purpose. The Government moved for detention, and preliminary revocation and detention hearings were scheduled for February 6, 2023.

On February 6, 2023, when the case was called, Ms. Coleman again appeared with Defendant. Assistant United States Attorney John Pritchard appeared for the Government.

Before proceeding with preliminary revocation and detention hearings, the Court returned to the issue of competency. In that regard, Ms. Coleman argued that, since a defendant's waiver of her right to counsel must be

knowing, intelligent, and voluntary, any question regarding competency should be addressed first.

Ms. Coleman reported that she had attempted to speak with Defendant, but that Defendant had refused to confer with her, and had also refused to confer with one of her colleagues.

Ms. Coleman advised that she had also conducted interviews of four individuals – Defendant's mother, two United States Probation Officers, and Defendant's previous attorney in Texas – and stated that, in her view, the information obtained from these sources raised serious concerns about Defendant's competency.

Subsequently, Ms. Coleman made an oral motion that a competency hearing be conducted pursuant to 18 U. S. C. §4241(a) and that a pre-hearing evaluation be performed. She further requested that the Court order that Defendant be transported to an appropriate facility within 10 days from the entry of a written order allowing her motion and asked that she be appointed for all purposes to represent Defendant under these circumstances.

The Government agreed that any competency issues should be addressed before the merits of the case are considered and did not object to Ms. Coleman making competency-related motions given her limited appointment in this matter. As to a limitation on the time allowed for transportation, the

Government advised that it did not "object in principle" but otherwise did not take a specific position on that point.

After hearing from counsel for the parties, and briefly from Defendant herself, the Court granted the Motion to the extent it sought a competency hearing and a pre-hearing evaluation, and also to the extent it requested that Ms. Coleman's limited appointment be converted into a regular appointment. The Court took under advisement Ms. Coleman's request that the order limit the time allowed for Defendant to be transported. This Order now follows.

## II. Findings and Order

Having considered the Motion, the information provided during the hearing on February 6, 2023, and the Petition, and having observed Defendant in open court, the Court finds as follows:

1. That reasonable cause exists to believe that Defendant may presently be suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense. See 18 U.S.C. §4241(a).[1]

---

[1] As the undersigned noted on February 6, 2023, while the Court granted the oral motion of defense counsel, given the additional information provided by defense counsel, along with the information in the Petition and the Court's continued observation of Defendant in open court, an evaluation and competency hearing would have been directed on the Court's own motion, in the absence of the motion by defense counsel.

2. That, therefore, a hearing on the issue of Defendant's competency is required pursuant to 18 U.S.C. § 4241(a).

3. That a psychiatric or psychological examination of Defendant should be conducted prior to the date of the competency hearing and a report filed pursuant to the provisions of 18 U.S.C. §4247(b) and (c). <u>See</u> U.S.C. § 4241(b).

4. That, though Defendant's interest in avoiding a lengthy transportation and evaluation period in light of the length of time Defendant may be facing in custody if she is found guilty of violating the terms and conditions of her supervised release is acknowledged, it is not necessary at this time to impose a specific limitation on the time period allowed for Defendant to be transported to a facility. While the Speedy Trial Act addresses delays resulting from the transportation of defendants to and from places of examination or hospitalization, 18 U.S.C. § 3161 (h)(1)(F), the Act may not apply to this supervised release revocation proceeding. <u>United States v. Soles</u>, 336 F. App'x 287, 289–90 (4th Cir. 2009) (unpublished, per curiam). Further, the undersigned is confident that the United States Marshal's Service will transport Defendant with reasonable promptness and believes that it is more appropriate to address any delays, if they were to arise, based on the facts and circumstances

then existing as opposed to imposing a deadline on the United States Marshal's Service in advance and without the benefit of additional detail regarding transportation logistics.

5. That, to ensure that Defendant's rights are protected while competency proceedings are underway, Ms. Coleman should be appointed as Defendant's counsel in the ordinary course.

**IT IS THEREFORE ORDERED THAT:**

1. The oral motion made by defense counsel pursuant to 18 U.S.C. §4241 requesting a hearing to determine the mental competency of Defendant and a pre-hearing evaluation is **GRANTED IN PART.**

2. Defendant is **COMMITTED** to the care and custody of the Attorney General for placement in a suitable mental health facility ("Facility") where a psychiatric or psychological examination shall be performed to determine if Defendant is presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense. See 18 U.S.C. §4241(b).

3. Unless impracticable, the psychiatric or psychological examination shall be conducted in the Facility that is closest to the Court. See 18 U.S.C. §4247(b).

4. The commitment shall be for a reasonable period, but not to exceed thirty (30) days. See 18 U.S.C. §4247(b). The commitment shall be deemed to commence on the day Defendant is admitted to the Facility.

5. The evaluating psychiatrist(s) or psychologist(s) or the Warden or another appropriate representative of the Facility may apply for a reasonable extension of this commitment, not to exceed 15 days, upon a showing of good cause that additional time is necessary to observe and evaluate Defendant. Any such request for an extension must be in writing and mailed to the Clerk of this Court, with copies sent to Defendant's counsel, the United States Attorney, and the United States Marshal's Service.

6. The psychiatrist(s) or psychologist(s) who are designated to examine Defendant shall prepare a psychiatric or psychological report of the examination ordered herein pursuant to the requirements of 18 U.S.C. §4247(c). The psychologist(s) or psychiatrist(s) shall forward to the Court the original report and shall submit copies to the Clerk of the Court, Defendant's counsel, and the United States Attorney.

7. Following receipt of the report ordered herein, a hearing shall be scheduled on the issue of Defendant's competency.

8. The United States Marshal's Service shall transport Defendant to the Facility designated by the Attorney General and return Defendant

immediately upon completion of the examination ordered herein to the Western District of North Carolina for further proceedings.

9. Defendant shall remain in the custody of the United States Marshal's Service during transportation. Further, during transport, the United States Marshal's Service shall provide Defendant with medications, if any, prescribed to her by a licensed physician.

10. Ms. Coleman is **APPOINTED** as Defendant's counsel in the ordinary course while competency proceedings are underway,

Signed: February 7, 2023

W. Carleton Metcalf
United States Magistrate Judge