IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-CR-11-MOC-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KATIE JEANNE JOHNSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter came before the Court on July 5, 2023 for a competency hearing pursuant to 18 U.S.C. § 4241(d). Assistant United States Attorney John Pritchard appeared on behalf of the Government. Assistant Federal Defender Mary Ellen Coleman appeared on behalf of Defendant. Defendant appeared by video from FMC Carswell along with Dr. Sadie Doll.

The Government submitted a Forensic Evaluation (Doc. 18) that was filed on May 22, 2023. In that document, clinical psychologist Sadie Doll, Psy.D. discussed, among other things, the evaluation procedures, Defendant's background information including her medical/mental health history, the course of Defendant's evaluation, Defendant's mental status and current mental health functioning, and Dr. Doll's diagnostic impressions and prognosis.

1

The Forensic Evaluation also provided Dr. Doll's opinion regarding Defendant's competency. Specifically, Dr. Doll opined that Defendant "currently suffers from symptoms of a mental disease or defect, which significantly interferes with her ability to understand the nature and consequences of the proceedings against her or to rationally assist in her own defense." Id. at 14.

Defendant did not present evidence or contest the findings in the Forensic Evaluation.

Without objection, the Court also heard briefly from Dr. Doll on procedural matters.[1]

Based upon the Forensic Evaluation and the overall record in this matter, the Court finds by a preponderance of the evidence that Defendant is presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her

---

[1] At the conclusion of the proceedings, Defendant indicated that she wished to speak. The Court advised her that she should confer with Ms. Coleman, and the clerk attempted to arrange a private video teleconference for that purpose. However, due to technological issues, Defendant and Ms. Coleman were unable to speak privately by teleconference. Consequently, the Court concluded the proceedings, but noted that the forthcoming written Order would not be entered until 2 PM or later on July 5, 2023, to give Defendant an opportunity to make any filings that may be necessary. Defendant has not made any additional filings.

defense, and, consequently, that she must be committed to the custody of the Attorney General.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant is **DEEMED INCOMPETENT** at this time.
2. Pursuant to 18 U.S.C. §4241(d)(1), Defendant is **COMMITTED** to the custody of the Attorney General for treatment in a suitable medical facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future Defendant will attain the capacity to permit the proceedings to go forward.
3. This evaluation period shall be deemed to commence on **July 5, 2023**.
4. Defendant's evaluating examiner shall provide no later than **November 17, 2023** to the Court, the Government, and defense counsel a report concerning Defendant's status.

5. If the examiner concludes that Defendant is not competent at the time the report is submitted but that there is a substantial probability Defendant will become competent, the report should identify the specific length of the additional period which the examiner believes will be necessary for Defendant to attain the capacity to permit the proceedings to go forward.

Signed: July 6, 2023

W. Carleton Metcalf
United States Magistrate Judge